56 F.3d 63
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John B. WALPOLE, Theodora W. Walpole, John B. Walpole, Jr.
and William E. Walpole, d/b/a Sunny Point Farms,
Plaintiffs-Appellants,
v.
GREAT AMERICAN INSURANCE COMPANIES; American National Fire
Insurance Company, Defendants-Appellees.
 No. 94-2208.
 United States Court of Appeals, Fourth Circuit.
 Argued May 2, 1995.
Decided May 25, 1995.
 
 ARGUED: Charles S. Altman, FINKEL, GOLDBERG, SHEFTMAN & ALTMAN, P.A., Columbia, SC, for Appellants. Richard Benjamin Ness, EARLY & NESS, Bamberg, SC, for Appellees.ON BRIEF: Gilbert Scott Bagnell, FINKEL, GOLDBERG, SHEFTMAN & ALTMAN, P.A., Columbia, SC, for Appellants.
 Before MURNAGHAN and MOTZ, Circuit Judges, and YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 John B. Walpole, Theodora W. Walpole, John B. Walpole, Jr., and William E. Walpole, collectively d/b/a Sunny Point Farms, appeal from the district court's order of summary judgment in favor of Great American Insurance Companies and American National Fire Insurance Company. This action arose out of a multiple peril crop insurance policy issued to the Walpoles by Great American covering the Walpoles' 1992 tomato crop. The policy was reinsured by the Federal Crop Insurance Corporation. Federal jurisdiction is proper pursuant to 7 U.S.C. Sec. 1508(j)(2)(A) (Federal Crop Insurance Act) and 28 U.S.C. Sec. 1331. There is also diversity of citizenship between the parties.
 
 
 2
 In July, 1992, just prior to harvest, a major storm damaged several acres of the Walpoles' tomato plants. The Walpoles harvested the damaged tomatoes, sold them, and filed a claim with Great American under the policy, for which Great American paid them $108,000.00. The Walpoles subsequently filed this action seeking declaratory judgment as to the correct indemnity due and damages for various state law causes of action.
 
 
 3
 Specifically, with regard to their insurance claim, the Walpoles asserted that the language of the policy was ambiguous as to their obligations under it and as to the method of calculating their claim for indemnity, and that these ambiguities should be construed in their favor. Alternatively, they maintained that Great American was estopped from denying them the indemnity sought. The district court rejected both arguments. It concluded that under the clear and unambiguous language of the policy the damaged tomatoes were properly "counted against" the Walpoles' indemnity claim and that the policy did not otherwise insure against market risk or picking and packaging costs. The court also concluded that there was no basis for estoppel.
 
 
 4
 Finally, the district court rejected the Walpoles' state law causes of action. The court held that those claims, which counsel has conceded were all contract-related, were preempted under the Federal Crop Insurance Act.
 
 
 5
 Upon review of the pleadings, briefs, and argument of counsel, we find no error, and affirm on the basis of the thorough opinions of the district court. Walpole v. Great American Ins. Cos., C.A. No. 2:92-2434-18 (D.S.C. March 16, 1994 and August 29, 1994).
 
 
 6
 Accordingly, the district court's order granting summary judgment to Great American Insurance Companies and American National Fire Insurance Company is
 
 
 7
 AFFIRMED.